**Iman ELDIEB, Respondent,**

v.

**Tarik FIROZI, Appellant.**

**No. WD 70651.**

Missouri Court of Appeals,
Western District.

Dec. 22, 2009.

James C. Ochs, Clayton, MO, for Appellant.

Daniel J. Pingelton, Columbia, MO, for Respondent.

Before KAREN KING MITCHELL, P.J., JAMES EDWARD WELSH, and MARK D. PFEIFFER, JJ.

JAMES EDWARD WELSH, Judge.

Tarik Firozi (Husband) appeals the circuit court's judgment dissolving his marriage to Iman Eldieb (Wife). Husband alleges error in the court's striking his pleadings and conditioning reinstatement of them upon his paying a security deposit for costs and fees; determining that his monthly income was $80,562; and denying as untimely filed his motion to amend the judgment or, in the alternative, for a new trial. We remand for further proceedings.

█ Because it is dispositive of the appeal, we will address Husband's fourth point first. In this point, Husband contends that the circuit court erred in denying as untimely filed his motion to amend the judgment or, in the alternative, for a new trial. The timeliness of Husband's motion is an issue of law that we review *de novo*. *See In the Interest of S.M.H.*, 160 S.W.3d 355, 359 (Mo. banc 2005). The circuit court adopted the commissioner's findings and recommendations as its judgment on January 2, 2009. Husband filed his motion to amend the judgment, or, in the alternative, for a new trial, on February 2, 2009, which was thirty-one days after the judgment was entered. Because February 1, 2009, was a Sunday, however, Husband's motion was considered filed within thirty days after the judgment was entered. Supreme Court Rule 44.01(a).

█ Rule 78.04, which applies to civil actions in general, requires that motions for a new trial or to amend the judgment be filed no later than thirty days after the judgment is entered. However, Rule 129.13(a) says that, in a case heard by a family court commissioner, the motion for rehearing must be filed within fifteen days after the notice of the filing of the court's judgment is mailed. A motion for rehearing is the "functional equivalent" of a motion for new trial. *Dunkle v. Dunkle*, 158 S.W.3d 823, 830 (Mo.App.2005). Thus, Rule 129.13(a) is inconsistent with Rule 78.04. *Id.* Rule 129.13(a) supersedes all inconsistent statutes and inconsistent court rules. Rule 129.02. "Therefore, in a case tried before a family court commissioner under Rule 129, the applicable deadline for the filing of a motion for *new trial* or a motion for *rehearing* is 15 days from the court's mailing. . . ." *Dunkle*, 158 S.W.3d at 831.

To the extent that Husband sought a new trial or rehearing before the court, his motion was due within fifteen days after the court mailed notice of its judgment. *Id.* at 832. Husband filed his motion for new trial more than fifteen days after the

court's mailing.[1] Thus, the motion for new trial was untimely, and the court properly denied it on that basis.

■■■ Rule 129 has no deadlines for filing a motion to amend the judgment, however. "Because Rule 129.13 is silent as to a motion to amend the judgment, it does not supersede the normal civil procedure rules with respect to that type of motion." *Id.* at 831. Consequently, "in cases heard by a family court commissioner, unless Rule 119.07 applies,[2] parties have 30 days from the entry of the judgment in which to file a motion to amend the judgment." *Id.* We have reviewed the contents of Husband's motion and find that it qualifies as both a motion for new trial and a motion to amend the judgment. *See id.* at 831–32. Thus, to the extent that Husband sought to amend the judgment, his motion was timely under Rule 78.04. Husband was entitled to have his motion to amend reviewed on its merits, and the circuit court erred in not doing so.

We reverse the circuit court's order dismissing Husband's motion to amend the judgment and remand the case to the circuit court to review the motion on its merits. Because Husband's remaining points on appeal concern issues that are raised in his motion to amend, any discussion of them would be premature, and we decline to address them.

All concur.

---

1. Although the record does not specifically state when notice of the judgment was mailed, both parties indicate that it was the day the judgment was entered, January 2, 2009.

2. Rule 119.07 provides a ten-day time limit for filing a motion to amend the judgment and applies to certain juvenile and family court proceedings. *Dunkle,* 158 S.W.3d at 831. It does not apply to this case.